IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| FRANK DONALD WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>WEBER COUNTY et al.,<br><br>        Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Lead Case No.: 1:11-CV-21 CW**<br>Member Cases:  1:11-CV-30<br>                            1:11-CV-33<br>                            1:11-CV-34<br>                            1:11-CV-37<br><br>District Judge Clark Waddoups |

## INTRODUCTION

Plaintiffs in these consolidated cases are individuals who have each been charged with one or more crimes, qualified as indigent, requested appointment of indigent defense counsel, pled guilty, and were convicted in Weber County. Plaintiffs sued Weber County and each of the county commissioners in their official capacities under 42 U.S.C. § 1983, claiming violation of their Sixth Amendment right to counsel. Plaintiffs' claims are based on allegations of inadequate funding for indigent defense in Weber County and failure to train, supervise, and monitor the criminal defense attorneys who were appointed in their cases. However, Plaintiffs have not attempted to invalidate their convictions in any prior proceeding, nor have they filed malpractice suits against the attorneys who allegedly provided them constitutionally deficient legal representation. Because Plaintiffs are all represented by the same counsel and their complaints are nearly identical, the cases were consolidated in the interest of judicial economy.

For simplicity, the Court will refer to the Complaint of the lead Plaintiff, Frank Donald Williams (Docket No. 3), while noting any relevant differences between the member cases as necessary.

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 21) on all claims. Defendants assert that the claims of ineffective assistance of counsel in Count I of the Complaint are barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). Regarding Count II, Defendants argue that Plaintiffs' claims under the Utah Constitution are not cognizable because they are identical to those in Count I and Plaintiffs have adequate alternative remedies at law.

## ANALYSIS

### I. Summary Judgement Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party moving for summary judgment bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998). Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element."

*Id.* A fact in dispute is "material" only if it might affect the outcome of the suit under governing law. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). The dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A non-movant who "would bear the burden of persuasion at trial" must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). Mere allegations and references to the pleadings will not suffice, instead, the specific facts put forth by the non-movant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Moreover, "the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

## II. Material Facts

1. Utah law provides that "each county, city, and town shall provide for the legal defense of an indigent in criminal cases in the courts and various administrative bodies of the state in accordance with legal defense standards . . . ." Utah Code Ann. § 77-32-301. (Comp. ¶ 3.)

2. In 2010, Weber County changed its Public Defender Program from contracting with a private non-profit corporation to entering into individual contracts with qualified defense attorneys. Weber County also employs one attorney to coordinate the work and ensure quality work product among the various attorneys. Work loads are monitored by the Coordinator and he is responsible to notify Weber County if workloads require additional attorneys. Weber County further relies upon the professionalism and legal ethics standards of the Utah State Bar and Weber County to regulate the performance of indigent defense counsel. (Affidavit of Chief Deputy Attorney David C. Wilson ("Wilson Aff.") ¶ 3.)

3. Plaintiffs allege that the new system and procedures for funding indigent defense impedes the provision of adequate legal representation. (Comp. ¶¶ 30-31, 34.)

4. Plaintiffs allege that Weber County and its commissioners provide inadequate funding for indigent defense services, as partly demonstrated by comparing the budget for indigent defense with the entire budget of the Weber County Attorney's Office. (Comp. ¶¶ 7-15.)

5. Plaintiffs allege that the county commissioner Defendants exercise no supervision, and have not established or enforced any of the practice standards advanced by various national organizations, many of which have been adopted by state and local entities across the country. (Comp. ¶¶ 35-40.)

6. Plaintiffs allege that the county commissioners have not enforced national standards of professional responsibility with regard to indigent defense counsel conduct. (Comp. ¶¶ 41-45.)

7. Plaintiffs allege that the county commissioners have not trained indigent defense counsel. (Comp. ¶¶ 46-51.)

8. Plaintiffs allege that the county commissioners have failed to monitor the workloads of the indigent defense counsel. (Comp. ¶¶ 52 - 59.)

9. Plaintiffs allege that underfunding has resulted in a failure to adequately compensate indigent defense counsel. (Comp. ¶¶ 60-64.)

10. Plaintiffs allege that underfunding has resulted in a failure to provide support services. (Comp. ¶¶ 65-68.)

11. Plaintiffs allege that their attorneys failed to provide competent representation by not performing the duties commonly expected of indigent defense counsel, however, none of the Plaintiffs have sued their attorneys for malpractice. Plaintiffs blame the county commissioners for this alleged failure, asserting that underfunding and lack of supervision, training and monitoring caused these deficiencies and contributed to their convictions. (Comp. ¶¶ 35-74.)

12. Plaintiffs do not allege that their convictions were reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus. (Comp. ¶¶ 1-78.)

13. Plaintiff's have not identified any instance where a Weber County contract attorney was found to have provided constitutionally deficient legal assistance in representing an indigent defendant. (Comp. ¶¶ 1-78.)

### III.  Count I: Section 1983 Claim

Plaintiffs allege in Count I of their Complaints that Defendants failed to provide them adequate legal representation in violation of their rights under the Sixth and Fourteenth Amendments. Plaintiffs seek damages for this alleged constitutional violation under 42 U.S.C. § 1983. Defendants' summary judgment motion asserts that Plaintiff's § 1983 claims are not

cognizable because success on those claims would necessarily undermine the validity of Plaintiffs' criminal convictions and sentences as prohibited under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).

In *Heck*, the Supreme Court held that a § 1983 claim is not cognizable if it would render invalid a plaintiff's conviction or sentence. *Heck*, 512 U.S. at 486-87. This rule is known as the "*Heck* bar." *See Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1098 (2007). The *Heck* bar requires a district court to determine–as a jurisdictional matter–whether a plaintiff's § 1983 claim, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence. *Heck*, 512 U.S. at 487. If so, before proceeding under § 1983 the plaintiff must first overcome the *Heck* bar by showing that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*.

The Tenth Circuit has held that in cases subject to the *Heck* bar, failure to plead the essential element of a favorable result in the criminal case, either by appeal or in a habeas corpus proceeding, amounts to failure to state a claim under § 1983. *See Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248, 1249 (10th Cir. 2007). The Tenth Circuit has also held that the *Heck* bar precludes claims involving pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from the ongoing prosecution. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999).

Plaintiffs' ineffective assistance of counsel claim necessarily implies the invalidity of their convictions and sentences. To establish ineffective assistance of counsel a petitioner must prove in a habeas corpus proceeding that their counsel's performance fell below a reasonable standard, and that the petitioner's rights were actually prejudiced by the substandard performance. *See Strickland v. Washington*, 466 U.S. 668, 687 n. 6. (1984). In *Strickland*, the Supreme Court held that in order to show prejudice a "[criminal] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Because the threshold requirement for showing ineffective assistance of counsel–sufficient probability of unprofessional conduct to undermine confidence in the outcome of the criminal proceeding–is inextricably intertwined with the validity of the criminal conviction and sentence, Plaintiffs cannot possibly prevail on their present claim without directly undermining the validity of their convictions.

Plaintiffs have not offered any persuasive support for their contention that *Heck* does not bar their present claims. Plaintiffs' bald assertion that their claims are not barred simply because they are "constitutional claims" does not pass muster. Although Plaintiffs cite cases where *Heck* was found not to bar certain constitutional claims, such as claims of excessive police force, unconstitutional prison conditions, or denial of due process in prison disciplinary proceedings, those types of claims do not directly implicate the validity of an underlying criminal conviction as a claim of ineffective assistance of counsel does. Importantly, Plaintiffs have not cited a single case where a claim of ineffective assistance of counsel, or a remotely similar claim, was

found to be exempt from the *Heck* bar.  Nor have Plaintiffs offered any reasonable theory to support such a reading of *Heck*.  Plaintiffs' attempt to recast their claim as merely a "challenge to procedures" in unpersuasive.  (Doc. No. 29 at 21.)  Although Plaintiffs contend that they "are not attacking their convictions," they admit to "attacking the deficient indigent defense program in Weber County."  (Id. at 22.)  The adequacy of Weber County's indigent defense program, however, is directly tied to the validity of Plaintiffs' convictions.  Thus, Plaintiffs cannot show that they were denied constitutionally sufficient legal representation by Defendants without directly undermining their convictions or sentences.

Because Plaintiffs' ineffective assistance of counsel claims are subject to the *Heck* bar, in order to state a claim under § 1983 Plaintiffs must plead facts showing that their convictions have previously been invalidated on direct appeal, expunged, or called into question by issuance of a writ of habeas corpus.  Plaintiff's have not made such a showing.  Thus, the Court concludes that Count I of Plaintiffs' Complaint fails to state a claim on which relief can be granted.[1]

### IV.  Count II: Utah Constitutional Claims

Count II of Plaintiffs' Complaint asserts claims of ineffective assistance of counsel under Article I, Sections 7 and 12 of the Utah Constitution based on the same facts as Count I.  Article I, Section 7 provides, "No person shall be deprived of life, liberty or property, without due process of law."  Utah Const. art. I, § 7.  Article I, Section 12, states in relevant part, "[I]n criminal prosecutions the accused shall have the right to appear and defend in person and by

---

[1] Because the court does not have jurisdiction under *Heck*, the Court will not address Defendants' alternative argument that it also presents a non-justiciable political question.

counsel . . . . In no instance shall any accused person, before final judgment, be compelled to advance money or fees to ensure the rights herein guaranteed." Utah Const. art. I, § 12. Thus, although premised on state law, Count II of the Complaint is essentially identical to Plaintiffs' § 1983 claim.

In *Spackman v. Bd. of Ed. of Box Elder County*, 2000 UT 87, 16 P.3d 533 (Utah 2000), the Utah Supreme Court held that "aside from the Takings Clause, there is no textual constitutional right to damages for one who suffers a constitutional tort." *Id*. ¶ 20, 16 P.3d at 537. The court further "disavow[ed] any statements in *Bott v. Deland*, 922 P.2d 732 (Utah 1996), that might suggest otherwise." *Id*. at n. 5, 16 P.3d at 538. Thus, to avoid easily creating judicial remedies for constitutional violations, *Spackman* held "that a plaintiff must establish the following three elements before he or she may proceed with a private suit for damages." *Id*. ¶ 22, 16 P.3d at 538. "First, a plaintiff must establish that he or she suffered a 'flagrant' violation of his or her constitutional rights." *Id*. ¶ 23, 16 P.3d at 538. "Second, a plaintiff must establish that existing remedies do not redress his or her injuries." *Id*. ¶ 24, 16 P.3d at 538. "Third, a plaintiff must establish that equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries." *Id*. ¶ 25, 16 P.3d at 539.

Plaintiffs cannot satisfy each of these elements. First, although Plaintiffs assert that Defendants flagrantly violated Plaintiffs' rights "by being more concerned about money than a constitutionally appropriate indigent defense program" (Doc. No. 29 at 23), they do not offer any admissible evidence to support this assertion. Regarding the second element, Plaintiffs merely state that "there is no remedy [because] the Defendants still continue to have a deficient

program." (Doc. No. 29 at 23.) This assertion, however, overlooks the fact that damages are available under § 1983 for violations of the Sixth Amendment right to counsel, subject to the jurisdictional requirements of *Heck*. The fact that Plaintiffs must first overcome the *Heck* bar before filing a § 1983 suit does not mean that no remedy exists to redress Plaintiffs' injuries. Moreover, Plaintiffs also have an adequate remedy at law through a state malpractice claim against their allegedly ineffective counsel. Finally, even assuming that Plaintiffs could satisfy the first two requirements, the third *Spackman* element requires Plaintiffs to show that equitable relief, such as an injunction, was and is wholly inadequate to protect their rights or redress their injuries. However, Plaintiffs have not shown that they lack equitable remedies such as direct appeal of their convictions or pursuit of habeas corpus relief.

Because Plaintiffs cannot satisfy each of the *Spackman* requirements, the Court follows the lead of other jurisdictions that have refused to create a damages remedy where Congress has already provided an adequate alternative remedy. *Id.* ¶ 24, 16 P.3d at 538 (citing United States Supreme Court cases and cases from other jurisdictions to show that merely suffering a constitutional violation is not enough to create a damages remedy when a remedy exists under another area of law). Accordingly, Plaintiffs' state constitutional claims in Count II of the Complaint are dismissed.

**ORDER**

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion for Summary Judgment (Doc. No. 21) is **GRANTED**; and,

(2) this case is **CLOSED**.

DATED this 17th day of June, 2013.

      BY THE COURT:

      _____
      CLARK WADDOUPS
      United States District Judge